```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-14218-CIV-GRAHAM
                              MAGISTRATE P. A. WHITE

TERRELL T. BROWN,          :

     Petitioner,           :

v.                         :       REPORT OF
                                   MAGISTRATE JUDGE
WALTER A. McNEIL¹          :

     Respondent.           :
_____
```

Terrell T. Brown, a state prisoner confined at Ft. Myers Work Camp, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his conviction and sentence entered in Case No. 02-300-CEA in the Circuit Court of the Nineteenth Judicial Circuit, in and for, Martin County, Florida.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition and memorandum of law, the Court has the respondent's response to an order to show cause with exhibits and petitioner's memorandum to limitations period.

Brown raises the following ground for relief.

1) Ineffective assistance of counsel where his lawyer:

---

¹The pro se Petitioner in his petition for writ of habeas corpus names as the respondent Florida State Attorney General Bill McCollum. Because Brown is incarcerated in the Florida Department of Corrections, Walter A. McNeil, Secretary of the Florida Department of Corrections is actually the correct respondent.

   a) failed to file a "notice of expiration" in advance of filing a motion to dismiss based on a speedy trial violation.

   b) incorrectly advised the petitioner that a speedy trial violation had occurred which caused petitioner to reject a more favorable plea offer.

  The pertinent procedural history of this case is as follows. Following a jury trial, Brown was convicted of one count of grand theft (Count I), one count of uttering forged bill (Count II) and one count possession of a counterfeit payment instrument (Count III) on October 17, 2003[2]. [D.E. 15, Ex. 1]. Brown was sentenced to a concurrent term of five years imprisonment for all counts. [D.E. 15, Ex. 3]. Brown filed a direct appeal of his convictions. The Fourth District Court of Appeal per curiam affirmed his convictions and sentence. [D.E. 15, Ex. 4].

  On April 20, 2005, Brown filed a petition for writ of habeas corpus in the Fourth District Court of Appeal. [D.E. 15, Ex. 5]. In the petition, Brown argued that: 1) Brown was "denied his sixth amendment right and Due Process Clause to the effective assistance of [a]ppellate [c]ounsel failing to properly raise applicable standard of review de novo as matter of law and Constitutional analysis on direct appeal" and 2) Brown was "denied his Fourth Amendment Right to Due Process of the effective assistance of appellate defense counsel failing to adequately supplement the record as a whole to provide th[e] Court with the information it required to conduct adequate appellate review." [D.E. 15, Ex. 5]. On June 9, 2005, the Fourth District Court of Appeal denied Brown's petition without opinion.

---

[2] Brown was also convicted on additional charges of grand theft, uttering forged bill and possession of a counterfeit payment instrument on June 23, 2003. Case No. 01-1646-CFA in the Circuit Court of the Nineteenth Judicial Circuit, in and for, Martin County, Florida.

[D.E. 15, Ex. 6].

The remaining procedural history is in dispute.

Brown responded to the Court's Order to Petitioner to Respond to Limitations Period stating that Brown timely filed a post conviction motion "for denial of effective assistance of trial counsel" on November 29, 2005. ([D.E. 10] at 2). Brown later sought to "amend and/or supplement" his post conviction motion on June 15, 2006. [D.E. 15, Ex. 7]. In his motion for leave to "amend and/or supplement" his post conviction motion, Brown asserted the same claims as in the instant petition. [D.E. 15, Ex. 7]. The trial court denied Brown's motion. (See [D.E. 15, Ex.9]).

The respondent argues in its Response to the Court's Order to Show Cause asserts Brown's claims are time barred because one year and six days had passed between when Brown's habeas corpus petition was denied (June 9, 2005) and when he filed his motion for post conviction relief (June 15, 2006). (See [D.E. 13] at 3). The respondent further argued "[b]ecause Petitioner's ability to seek federal review through habeas corpus had expired by the time he filed his first post conviction pleading, the instant petition is untimely." ([D.E. 13] at 3). The respondent is incorrect.

## ANALYSIS

Brown's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, "which limits our review of the decisions of the state courts and establishes a 'general framework of substantial deference' for reviewing 'every issue that the state courts have decided.'" Fotopoulos v. Secretary, 516 F.3d 1229, 1232 (11th Cir. 2008) (citing Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007)(quoting Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir. 2005)). This

court is to affirm the decision of the state court unless the decision "'was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court,' 28 U.S.C. §2254(d)(1), or there was an 'unreasonable determination of the facts,' *id.* §2254(d)(2)". Fotopoulos, 516 F.3d at 1232.

The record below belies the respondent's argument that Brown's petition is time barred. In its "Order Denying 'Supplement Defendant's Post-Conviction Motion' and Setting Status Hearing with telephonic Appearance by the Defendant", the trial court clearly states that Brown's "pro se motion dated June 27, 2006, amend[s] his motion for post-conviction relief dated November 29, 2005." [D.E. 15, Ex.9]. While the trial court denied Brown's claims in his "amended and/or supplemental" motions due to a procedural bar, it did order a status hearing on the claims still pending from his unresolved November 29, 2005 motion. Id.

The respondent incorrectly argues that the petition is time barred under §2254. (See [D.E. 11] at 5). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[3]  This period is

---

[3] The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the

4

tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[4] 28 U.S.C. §2244(d)(2). There is no record support for the respondent's assertion that the time for the filing of the instant petition had expired.  The record shows that the statute of limitations was tolled by the unresolved November 29, 2005, post-conviction motion. Accordingly, the instant petition is not barred by the statute of limitations imposed pursuant to 28 U.S.C. §2244(d).

   While the Court finds that Brown's claims are not time barred, the respondent does correctly assert that Brown's claims are procedurally barred.  Brown's claims were exhausted before the state courts in his direct appeal. See 28 U.S.C. §2254(b)(1) and (b)(1)(A) (A state prisoner's habeas corpus petition "shall not be granted unless it appears that----the applicant has exhausted the remedies available in the courts of the

---

   Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

   [4] A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling  Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000)).

State...."); see also [D.E. 15, Ex. 10][5]

Brown filed his direct appeal alleging the same claims asserted in the instant petition.[6] Brown's direct appeal was denied. (See [D.E. 15, Ex. 4]). Brown then attempted to re-assert those same claims in his motion to "amend and/or supplement" his post-conviction motion. (See [D.E. 15, Ex. 7]. However, the trial court and the Fourth District Court of Appeal found Brown's claims to be successive and procedurally barred. (See [D.E. 15, Ex. 10]); see also Brown v. State, 980 So.2d 509, 2008 WL 787038 (Fla. 4th DCA 2007).

Brown continues to argue that his right to effective assistance of counsel and his due process rights were violated. However, Brown made this claim in his motion to "amend and/or supplement" his motion for post-conviction relief which was found to be procedurally barred. Brown, therefore, would have to show

---

[5] An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979).

[6] The Court garners this information from the trial court's denial of Brown's motion to "amend and/or supplement" his post conviction motion. [D.E. 15, Ex. 9]. The Court has not been provided with a copy of Brown's direct appeal by either the Petitioner or the Respondent. (See [D.E. 15])(trial court order denying leave to amend based on a procedural bar).

6

"cause" for the default and "prejudice attributable thereto" or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice". Harris v. Reed, 489 U.S. 255, 262 (1989). This Brown has not done.

A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999).

Here, the trial court found that Brown had raised this claim on his direct appeal and his conviction was affirmed. [D.E. 15, Ex. 9]. When he attempted to raise this claim again in his "amended and/or supplemental" motion, the trial court denied the motion as procedurally barred. [D.E. 15, Ex. 9]. Except under limited circumstances not present here, Florida law bars successive Rule 3.850 motions. See Fla.R.Crim.P. 3.850(f). See also Moore v. State, 820 So.2d 199, 205 (Fla. 2002)(holding that a second or successive motion for postconviction relief can be denied on the ground that it is an abuse of process if there is no reason for failing to raise the issues in the previous motion). Therefore, the Court cannot say that the trial court failed to "correctly appl[y] a procedural default principle of state law." See Bailey, 172 F.3d at 1299. Relief should therefore be denied pursuant to 28 U.S.C. §2254(d).

## **CONCLUSION**

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 22nd day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Terrell T. Brown, Pro Se
     Ft. Myers Work Camp
     12551 Wainwright Drive
     Immokalee, FL 34142

     Katherine Y. McIntyre
     Assistant Attorney General
     Office of the Attorney General
     1515 North Flagler Drive
     Suite 900
     West Palm Beach, FL 33401